**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4211**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

YAIR GUZMAN-ORTEGA, a/k/a Alex, a/k/a Chaparo,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:14-cr-00010-MR-DLH-3)

———————

Submitted:  March 30, 2016         Decided:  April 15, 2016

———————

Before GREGORY, SHEDD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yair Guzman-Ortega pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Guzman-Ortega to 168 months' imprisonment, the bottom of the advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Guzman-Ortega's guilty plea was valid, his sentence was reasonable, and he received effective assistance of counsel. Guzman-Ortega was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Guzman-Ortega did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Guzman-Ortega must demonstrate that the district court erred, the error was plain, and it affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013); United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Guzman-Ortega satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless

2

the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Muhammad, 478 F.3d at 249 (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Guzman-Ortega's guilty plea, which Guzman-Ortega entered knowingly and voluntarily.

Next, we review Guzman-Ortega's sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Guzman-Ortega's advisory Guidelines range, heard argument from counsel, provided Guzman-Ortega an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Guzman-Ortega's within-Guidelines sentence is both procedurally and substantively reasonable.

Turning to Guzman-Ortega's ineffective assistance of counsel claim, unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the judgment of the district court. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Guzman-Ortega, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Guzman-Ortega requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Guzman-Ortega.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5